IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


WILLIAM P. CREASMAN, ON BEHALF
OF HIMSELF AND ALL OTHERS SIMILARLY
SITUATED                                                                                                PLAINTIFF


V.                                            CASE NO.  4:10CV00392 JMM


DISH NETWORK, L.L.C., A COLORADO
LIMITED LIABILITY COMPANY, DISH DBS CORPORATION
AND DISH NETWORK
CORPORATION                                                                                        DEFENDANTS


**ORDER**

Pending before the Court is Defendants's Motion to Dismiss and Motion to Strike.  For the reasons stated below, the Motion to Dismiss is granted (#15) and the Motion to Strike is dismissed as moot (#15).

Plaintiff brings this class action complaint alleging that Defendants extended his Pay-TV service contract which contained an early termination fees ("ETF") without his permission and imposed unconscionable ETF upon customers which, even if not charged to a customer, coerced them to avoid canceling or switching televison services.  As a result, Plaintiff contends that Defendants have violated § 201 of the Federal Communications Act ("FCA"), the Colorado Consumer Protection Act ("CCPA"), and the common law doctrine of unjust enrichment. Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that Dish Network's ("DISH") application of ETF is an unenforceable penalty and equitable relief enjoining illegal

1

conduct by DISH. All of Plaintiff's claims are based upon two alleged actions by Defendants: the extension of his standard customer service agreement ("Agreement") without his permission and the imposition, or threaten imposition, of ETF.

Defendants contend that Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or, alternatively, pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted. Defendants seek dismissal of Plaintiff's misrepresentation or false promises allegations made in connection with the CCPA claim pursuant Rule 9(b) for failure to plead fraud with particularity. In addition, Defendants move to strike the allegations regarding the actions of telecommunication providers generally, or DISH specifically, which are asserted by someone other than the Plaintiff.

## Complaint Allegations

Plaintiff contracted with DISH in December of 2007 for a television signal. As part of the contract Plaintiff signed the Agreement which he contends is a contract of adhesion because DISH dictates non-negotiable terms. He contends that the condition of the Agreement which requires subscribers to pay ETF upon early termination of service is a liquidated damages clause. He also alleges that the ETF is typically a flat fee imposed regardless of when the Agreement is terminated and is a penalty rather than a reasonable measure of anticipated or actual loss to Defendants caused by the termination. Plaintiff's contract commitment with DISH was for 24 months.[1]

---

[1] In responsive pleadings, Plaintiff states that his 2007 contract was actually for an eighteen month period.

Plaintiff alleges that when he selected DISH as his television service provider, it was represented to him that the service included local channels in high-definition format ("HD"). In February of 2009, Plaintiff contacted DISH for a service call because he was not receiving the promised HD service. A DISH technician made a service call and installed additional equipment which allowed Plaintiff to receive the HD services originally promised in 2007.

DISH treated the service call as a service upgrade and, without Plaintiff's approval, automatically extended Plaintiff's Agreement contract for a two year period which ended on February 12, 2011. Plaintiff alleges that he did not knowingly extend his service with DISH and would not have done so if full disclosure had been made regarding the extension.

Plaintiff learned of the extension in December of 2009, when he sought to move his service from DISH to another provider.

Defendants's 12(b)(1) Motion

In deciding a Rule 12(b)(1) motion, the Court must first decide if a defendant is making a facial or a factual attack upon the complaint.

A facial attack addresses a deficiency in the pleadings and this Court must accept as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007); *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990) (finding that "the nonmoving party receives the same protections [for facial attacks under 12(b)(1) ] as it would defending against a motion brought under Rule 12(b)(6)").

In a factual attack, the Court is presented with matters outside the pleadings and the non-moving party does not have the benefit of having all his allegations assumed as true. *Id.*

Defendants's arguments result in a facial attack on Plaintiff's complaint.[2]   Defendants contend that Plaintiff does not have standing to assert his claims, that his allegations do not present a ripe, justiciable case or controversy for the Court to decide, and that any decision rendered by this Court would be advisory.

> Standing is a "threshold inquiry" and "jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir.2007) (internal quotation omitted). The constitutional minimum of standing requires an "injury in fact," "a causal connection between the injury and the conduct complained of," and a likelihood "the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations omitted). "Since [the standing elements] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* at 561, 112 S.Ct. 2130.

*Medalie v. Bayer Corp.*, 510 F.3d 828, 829 (8th Cir. 2007).

> The ripeness doctrine is grounded in both the jurisdictional limits of Article III of the Constitution and policy considerations of effective court administration." *Pub. Water Supply Dist. No. 8 v. City of Kearney*, 401 F.3d 930, 932 (8th Cir.2005). Article III limits the federal courts to deciding "Cases" and "Controversies" and thus prohibits us from issuing advisory opinions. *Id.* "One kind of advisory opinion is an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal quotations and citations omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (unanimous decision) (internal quotations and citations omitted). Ripeness requires a court to evaluate "both the

---

[2]Defendants's submission of copies of the Agreements does not alter the Court's analysis that Defendants's motion is a facial attack as these Agreements are embraced by Plaintiff's complaint.  Defendants also presented an exhibit which would not be considered to have been embraced by the complaint, *e.g.* a press release concerning the availability of local channels in HD.  *See* Defendants's Exh. E.  However, Defendants do not use this document to argue their 12(b)(1) motion.

> fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id*. at 300-01, 118 S.Ct. 1257 (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

*KCCP Trust v. City of N, Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005). The ripeness doctrine also applies to declaratory judgment actions. *See Public Water Supply Dist. No. 10 v. City of Peculiar*, 345 F.3d 570, 572 (8th Cir. 2003). "Standing is a 'threshold inquiry' and 'jurisdictional prerequisite that must be resolved before reaching the merits of a suit.' " *Medalie v. Bayer Corp.*, 510 F.3d at 829 (quoting *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir.2007).

Defendants argue that Plaintiff has no standing and that his claims are not ripe because he does not allege that he ever made an attempt to terminate his service contract resulting in there being no injury in fact. Defendants additionally contend that Plaintiff makes no allegations that he experienced any of the other allegedly improper business practices raised in the complaint. Defendants use these same arguments to state that Plaintiff does not have proper standing to maintain a class action on behalf of others.

Plaintiff contends that his allegation that he was forced to remain a customer of DISH in order to avoid an illegal penalty establishes injury in fact.

The question for this Court can be narrowed to whether the harm asserted has matured sufficiently to warrant judicial intervention. *See Johnson v. Missouri*, 142 F.3d 1087, 1090 n. 4 (8th Cir. 1998), quoting *Warth v. Seldin*, 422 U.S. 490, 499 n. 10, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (noting that although "standing and ripeness are technically different doctrines, closely related in that each focuses on 'whether the harm asserted has matured sufficiently to warrant judicial intervention.' ")

Based on these standards, Plaintiff has failed to allege a sufficiently matured harm on any of his claims which are based upon the application of the ETF. At best, his allegations describe what he thought would happen if he made an attempt to terminate his service with DISH so he chose not to terminate those services. Plaintiff does not having standing to bring any claims based upon the ETF. Even if he did have standing on these claims, they would not be ripe for adjudication.

Because Plaintiff has no standing to bring these claims involving the ETFs, he cannot seek such relief on behalf of the class. *See Hall v. Lhaco, Inc*., 140 F.3d 1190, 1196-97 (8th Cir. 1998).

### Defendants's Rule 12(b)(6) Motion

When analyzing a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the nonmoving party. *Ritchie v. St. Louis Jewish Ligfht*, 630 F.3d 713, 715-16 (8th Cir. 2011). "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.' " *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Plaintiff's remaining claims, as they relate to him, are primarily based upon an alleged extension of his Agreement. Plaintiff contends that Defendants unjustifiably treated a February 12, 2009 service call as an upgrade thereby extending his Agreement without his consent or approval and that he discovered his contract had been extended in December of 2009 when he sought to move his service to another provider.

Plaintiff's conclusory allegation that his Agreement was extended is insufficient to establish a necessary element for his claims under the FCA, the CCPA, and the common law doctrine of unjust enrichment or his request for declaratory and injunctive relief.

Plaintiff does not state, in the complaint, that he was threatened in 2009 with an ETF if he terminated his service with DISH which would indicate that his Agreement had been extended. He simply makes a conclusory allegation that Defendants extended his Agreement as a result of a service call. Exhibit D to Defendants's motion is a copy of the 2009 Service Agreement generated as a result of the 2009 service call. There is nothing in this document which reflects an extension of an Agreement.[3]

These allegations are insufficient to allow this Court to draw a reasonable inference that Defendants could be held liable under the relevant statutes and common law doctrines pled by the Plaintiff.

Because Plaintiff has failed to state a claim involving the extension of the Agreement, he cannot seek such relief on behalf of the class. *See Telco Group, Inc. v. Ameritrade, Inc.*, 552

---

[3]When the claims relate to a written contract that is part of the record in the case, the Court may consider the language of the contract when reviewing the sufficiency of the complaint. *See M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872 (8th Cir. 2010) (citing Fed.R.Civ.P. 10(c) and *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010)).

F.3d 893, 894 (8th Cir. 2009) (when claims have been dismissed and plaintiff no longer a member of the class, the plaintiff cannot represent the putative but uncertified class).

<u>Conclusion</u>

Plaintiff's complaint is dismissed without prejudice. Based upon this dismissal, there is no reason for the Court to address Defendants's argument that the non-contracting parties should be dismissed from the case or Defendants's Motion to Strike.

Judgment will be entered by separate Order.

IT IS SO ORDERED THIS 28 day of   March  , 2011.

_____
James M. Moody
United States District Judge